### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**EVA COOLEY**                                                                                           **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO.: 2:20-cv-196-TBM-MTP**

**LAMAR COUNTY SHERIFF DEPARTMENT,** *et al.*
                                                                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the before the Court *sua sponte* upon Plaintiff's failure to pay

the filing fee and failure to comply with the Court's order [7].

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on October 23, 2020. The

undersigned recommended [3] that the motion be denied on October 28, 2020. On February 22,

2021, the District Judge adopted the recommendation, denied the motion, and directed Plaintiff

to pay the filing fee within thirty (30) days. *See* Order [6]. As the filing fee was not paid as

ordered, the Court directed Plaintiff to pay the fee by April 20, 2021 or risk dismissal without

further notice. *See* [7]. Plaintiff again failed to pay the filing fee as directed and did not otherwise

respond.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority

to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of

the court.  *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d

1030, 1031 (5th Cir. 1998).   The power of the courts "to invoke this sanction is necessary in

order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars

of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking

relief . . . so as to achieve the orderly and expeditious disposition of cases."  *Link,* 370 U.S. at

629-31;  *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)

(discussing trial court's rule 41(b) discretionary authority).

With its clear record of delay, this case may properly be dismissed under rule 41(b).

*Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d

1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal

could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386

(5th Cir. 1995).

## RECOMMENDATION

As the Plaintiff has failed to pay the filing fee and to comply with the Court's order, it is

the recommendation of the undersigned that this matter be DISMISSED without prejudice

pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party.   The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.   The parties are hereby notified that failure to file written objections to the

proposed findings, conclusions, and recommendations contained within this report and

recommendation within fourteen days after being served with a copy shall bar that party, except

upon grounds of plain error, from attacking on appeal the proposed factual findings and legal

conclusions accepted by the district court to which the party has not objected.   *Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

2

THIS, the 27th day of April, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE