IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EVA S. COOLEY**                                                                 **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO.: 2:20-cv-196-TBM-MTP**

**LAMAR COUNTY SHERIFF'S
DEPARTMENT, et al.**                                                      **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the "Motion to Compel Defendants' Expert Documentation/Expert Witnesses, Motion for Settlement Conference"[1] [58] filed by *pro se* Plaintiff Eva S. Cooley. Having considered the Motion to Compel [58], the parties' submissions, and the applicable law, the Court finds that the Motion [58] should be DENIED.

## BACKGROUND

The docket reflects that little discovery has occurred in this matter since Plaintiff amended her complaint to add Lamar County as a Defendant on November 1, 2023. *See* [47] [53]. Defendants indeed confessed that "[n]o party conducted any discovery."[2] [74] at 1-2. Nevertheless, after the deadline for discovery expired, Plaintiff filed the instant Motion to Compel [58] on March 21, 2024. Plaintiff claims that Defendants "never responded or filed any documentations of expert (s) or expert (s) Witness (s)." Plaintiff now requests such documentation.

---

[1] The Court addressed Plaintiff's "Motion for Settlement Conference" in a separate order. *See* Court's Order [62]. Plaintiff's request was denied as moot.

[2] Since November 1, 2023, the docket only reflects that the parties exchanged their initial disclosures. *See* [56] [57]

1

Defendants, prompted by the Court's Order [72], filed their Response [74] on April 11, 2024. Defendants argue that the Motion to Compel [58] should be denied as untimely, that Defendants have not designated any experts, that the Motion [58] runs afoul of Fed. R. Civ. P. 37(a)(1), and that the Motion [58] is self-defeating.

## ANALYSIS

As a preliminary matter, the Motion to Compel [58] is fundamentally flawed. Neither party conducted discovery beyond filing initial disclosures, and Defendants never designated experts in this matter. *See* [74] at 1-2. Defendants have confirmed there is no expert documentation to produce. Accordingly, the Motion to Compel [58] may be denied on its merits.

Likewise, the Motion to Compel [58] may be denied for procedural reasons. Plaintiff failed to contact the chambers to discuss the purported discovery dispute prior to filing any discovery motion with the Court as contemplated by the Case Management Order [40] and Fed. R. Civ. P. 16(b)(3)(v). On September 12, 2023, the Court entered a Case Management Order [40] in which the Court ordered as follows:

> [B]efore a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R.Civ.P. 16(b)(3)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

*See* Case Management Order [40]. In addition, Local Civil Rule 37(a) requires parties to confer in good faith before filing a discovery motion and for the party requesting relief to file a Good Faith Certificate along with the motion.

Plaintiff filed the instant Motion to Compel [58] without the required Good Faith Certificate. She also failed to obtain or request a telephonic conference with the undersigned prior to filing her Motion [58] as required by the Case Management Order [40]. Despite her *pro*

*se* status, Plaintiff is still required to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. *Davis v. Hinds Cnty.*, 2017 WL 2269010, at *1 (S.D. Miss. May 23, 2017) ("Pro se litigants must adhere to the Local Rules of Court.").

Additionally, Local Rule 7(b)(2)(C) requires that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U. Civ. R. 7(b)(2)(C). "The obvious purpose of Rule 7(b)(2)(C) is to resolve disputes over the scope of discovery while time remains to conclude it." *Gipson v. Mgmt. & Training Corp.*, 2018 WL 736265, at *6 (S.D. Miss. Feb. 6, 2018). Consequently, "District Courts in this State have routinely denied discovery motions in violation of Local Rule 7(b)(2)(C)." *United States ex rel. Jehl v. GGNSC Southaven LLC*, 2021 WL 2637278, at *1 (N.D. Miss. June 25, 2021).

The discovery deadline in this case expired on March 7, 2024. *See* Case Management Order [40]. Plaintiff filed her Motion to Compel [58] on March 21, 2024, two weeks after the discovery deadline had passed. Plaintiff's Motion to Compel [58] obviously could not have been fully briefed and decided prior to the discovery deadline, given it was filed nearly two weeks after the deadline.[3] Accordingly, Plaintiff's Motion to Compel [58] will be denied.

IT IS, THEREFORE, ORDERED that Plaintiff Eva S. Cooley's "Motion to Compel Defendants' Expert Documentation/Expert Witnesses, Motion for Settlement Conference" [58] is DENIED.

SO ORDERED, this the 15th day of April, 2024.

s/Michael T. Parker  
United States Magistrate Judge

---

[3] Assuming the Motion to Compel [58] was filed as of the date that Plaintiff signed it (March 18, 2024), the Motion [58] remains untimely.