IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EVA S. COOLEY**                                                                                       **PLAINTIFF**

v.                                                            CIVIL ACTION NO.: 2:20-cv-196-TBM-MTP

**LAMAR COUNTY SHERIFF'S**
**DEPARTMENT, et al.**                                                                          **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on *pro se* Plaintiff Eva S. Cooley's Motions for Qualified Immunity Discovery [68] [69] [70] [71]. Plaintiff purportedly moves to conduct discovery related to the issue of qualified immunity.[1] Substantively, however, the Motions [68] [69] [70] [71] request general discovery information from Defendants Lamar County Board of Supervisors, Lamar County Sheriff's Department, Lamar County Sheriff Danny Rigel,[2] and Lamar County.[3]

As a preliminary matter, the Motions for Qualified Immunity Discovery [68] [69] [70] [71] are meritless. Qualified immunity shields government officials from money damages in

---

[1] Qualified immunity is not an issue raised by Defendants in their Motion for Judgment on the Pleadings, or, Alternatively, Motion for Summary Judgment [59].

[2] Sheriff Danny Rigel was terminated as a party on June 5, 2023. *See* Order [32]. The Court granted in part and denied in part Plaintiff's Motion to Amend Complaint [46] on November 1, 2023. *See* Order [47]. Notably, the Court did not allow Plaintiff to revive her claims against Sheriff Rigel; thus, he remains a terminated party.

[3] For example, in the Motions [68] [69] [70] [71], Plaintiff seeks "any document, papers, books, accounts, letters, photographs, objects, or tangiable [sic] things not privileged…." Moreover, she seeks any written or oral statements of the Defendant(s) and Plaintiff, and the prior criminal record of the Defendants, Plaintiff, and "the State's Witness." Plaintiff also requests any tape recordings of the interviews with the Defendants or Plaintiff by any law enforcement agent, and a copy of all personnel records, "resign of any Law enforcement Agent's due to this Incident with the Plaintiff."

their individual capacities.  *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).  Here, there are no individual-capacity-defendants named in this suit.[4]  Accordingly, there is no qualified immunity discovery to conduct, and the Motions [68] [69] [70] [71] may be denied on this basis alone.

Likewise, the Motions [68] [69] [70] [71] may be denied on procedural grounds.  Local Rule 7(b)(2)(C) requires that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline."  L.U. Civ. R. 7(b)(2)(C).  "The obvious purpose of Rule 7(b)(2)(C) is to resolve disputes over the scope of discovery while time remains to conclude it."  *Gipson v. Mgmt. & Training Corp.*, 2018 WL 736265, at *6 (S.D. Miss. Feb. 6, 2018).  Consequently, "District Courts in this State have routinely denied discovery motions in violation of Local Rule 7(b)(2)(C)."  *United States ex rel. Jehl v. GGNSC Southaven LLC*, 2021 WL 2637278, at *1 (N.D. Miss. June 25, 2021).

Plaintiff failed to adhere to the dictates of Local Rule 7(b)(2)(C).  The discovery deadline expired on March 7, 2024.  *See* Case Management Order [40].  Plaintiff's Motions [68] [69] [70] [71] were filed on April 5, 2024.  Thus, the Motions [68] [69] [70] [71] are untimely.

IT IS, THEREFORE, ORDERED that Plaintiff Eva S. Cooley's Motions for Qualified Immunity Discovery [68] [69] [70] [71] are DENIED.

SO ORDERED, this the 26th day of April, 2024.

s/Michael T. Parker  
United States Magistrate Judge

---

[4] Sheriff Danny Rigel is no longer a party to this lawsuit.  *See supra* n.2.